1  Joseph La Costa
2  SB#108443
3  7860 Mission Center Court, Suite #103
   San Diego, California 92108
4  Attorney for Plaintiff, Nancy Reichel

FILED
CIVIL BUSINESS OFFICE 10
CENTRAL DIVISION

2018 JUL 26  A 8: 51

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN DIEGO– CENTRAL

| | |
|---|---|
| Nancy Reichel,<br>        Plaintiff,<br>                vs.<br>Specialized Loan Servicing, aka SLS;<br>Barrett Daffin Frappier Treder & Weiss,<br>LLP; and  DOES 1 through 10,<br>INCLUSIVE<br><br>        Defendants. | **Case No: 37-2017-37000-CU-OR-CTL**<br>HON. Judith Hayes<br><br>**<u>FIRST AMENDED VERIFIED COMPLAINT</u>**<br><br>1. BREACH OF CONTRACT<br><br>2. VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT<br><br>3. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT<br><br>4. VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT<br><br>5. VIOLATION OF THE FAIR CREDIT REPORTING ACT<br><br>6. DECLARATORY JUDGMENT REGARDING |

J:\Dropbox\Alkire-Nancy Reichel\2017 case versus sls\FIRST AMENDED Complaint FINAL .docx

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

)   7.  VIOLATION OF UNITED
        STATES CONSTITUTION,
        ART. VI, cl. 2.

    8.  INJUNCTIVE RELIEF

_____

     COMES NOW, Plaintiff Nancy Reichel ("Plaintiff"), for her Complaint against defendants, to plead as follows:

## I. JURISDICTION, VENUE AND PARTIES

1.    This Court has original jurisdiction over the claims in this action based on the unlawful conduct, illegal practices, and acts complained of and alleged in this complaint were all committed in the Southern District of California and involved real property located in the Southern District of California.

2.    Plaintiff is an individual residing in the County of San Diego, and RESIDING AT THE SUBJECT PROPERTY identified as 1680 Fisherman Drive, Carlsbad, California 92011, also identified by San Diego County Assessor's Parcel #215-081-02-00.

3.    At all relevant times to this action, Plaintiff is the original obligor on a Note and Deed of Trust that encumbers the subject property, and has owned, and resided at, that property.

4.     At all relevant times to this action Defendant Specialized Loan Servicing, aka SLS, a Colorado Limited Liability Company of unknown membership, is the servicer for said Note and Deed of Trust. ("SLS" hereafter.)

5.     At all relevant times Defendant Daffin Frappier Treder & Weiss, LLP is a Texas based Limited Liability Partnership of unknown membership, and is sued herein as a party necessary for imposition of the injunctive relief requested herein. Defendant is sued herein pursuant to California Civil Code § 2924l in a non-monetary status.

6.     Plaintiff is ignorant of the true identity and capacity of Defendants designated as Does 1-10, also called herein as ("Co-Defendants") but will amend the Complaint when their identities have been ascertained, and/or according to proof at the time of trial.  However, Plaintiff alleges, on information and belief, that each and every fictitiously named Doe Defendant is in some manner responsible for the acts and conduct of the other Defendants, and were, and are responsible for the injuries, damages, and harm incurred by Plaintiff.

7.     Plaintiff further alleges on information and belief that each such designated Defendant acted, and acts, as the authorized agent, representative, and associate of the other Defendants in doing the things alleged herein.

8.      Whenever reference is made in the Complaint to any act of any Defendant(s), that allegation shall mean that each Defendant acted individually and jointly with the other Defendants

9.      Any allegation about acts of any corporate or other business Defendant means that the corporation or other business did the acts alleged through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

10.     At all relevant times, each Defendant committed the acts, caused or directed others to commit the acts alleged in the Complaint.  Additionally, some or all of the Defendants acted as the agent of the other Defendants, and all of the Defendants acted within the scope of their agency if acting as an agent of the other.

11.     At all relevant times, each Defendant knew or realized that the other Defendants were engaging in or planned to engage in the violations of law alleged in this complaint.  Knowing or realizing that the other Defendants were engaged in or planning to engage in unlawful conduct, each Defendant nevertheless facilitated the commission of those unlawful acts.  Each Defendant intended to and did encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided and abetted the other Defendants in the unlawful conduct.

J:\Dropbox\Alkire-Nancy Reichel\2017 case versus sls\FIRST AMENDED Complaint FINAL .docx

## II. INTRODUCTION AND RELEVANT FACTS

12.     Plaintiff and Defendant SLS entered into a modification agreement of the existing Note and Deed of Trust.

13.     The modification arose from Defendant's written offer to Plaintiff dated May 26, 2107, which provided that Plaintiff would make three payments to Defendant SLS as follows:

> 1) $6,472.36 on July 1, 2017
>
> 2) $6,472.36 on August 1, 2017
>
> 3) $6,472.36 on September 1, 2017

14.     Plaintiff accepted the offer, and made the first payment as required.

15.     Plaintiff made the second payment, but wanting to reduce the balance owed, issued her check for MORE than the amount requested, paying $6,900.00.

16.     On September 13, 2017 Defendant SLS RETURNED the check to Plaintiff with a letter noting that they are unable to "accept funds for less than total amount due."

17.     Plaintiff contacted SLS to ask about the returned check, and rather than arrange for acceptance of the August 1, 2017 payment, Defendant advised that the property was set to be sold by Defendant Barret Daffin et al on October 13, 2017.

18.     Defendant refused to discuss the matter further with Plaintiff or her attorney.

J:\Dropbox\Alkire-Nancy Reichel\2017 case versus sls\FIRST AMENDED Complaint FINAL .docx

# COUNT ONE: BREACH OF CONTRACT

19.    Plaintiff restates and incorporates herein all of her statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten herein.

20.    Plaintiff and Defendant negotiated a modification of the note and deed of trust, the terms of which were specifically set forth in a May 26, 2017 offer by Defendant to modify the subject Note and Deed of Trust.

21.    Plaintiff accepted the offer, and further performed by making the first and second payments required therein.

22.    Defendant, in violation of the terms of the agreed upon modification, not only FAILED to negotiate the second payment Plaintiff made (in excess of what was even owed) but RETURNED the check and set a nonjudicial sale of the property.

23.    If Defendant is allowed to sell Plaintiff's home under these circumstances, Plaintiff be irreparably harmed.

## COUNT TWO

## VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT ("RESPA"), 12 U.S.C.A. § 2605, 12 C.F.R. § 1024.41

### (On behalf of the Ms. Reichel against SLS)

24. Ms. Reichel incorporates all preceding paragraphs as if set forth fully herein.

25. Ms. Reichel is a "borrower" entitled to the protections codified at 12 U.S.C.A. 2605 and 12 C.F.R. § 1024.41. Ms. Reichel' mortgage loan subject to this action is a federally related mortgage as defined in 12 C.F.R.1024.2 and was a consumer transaction at the time the loan was taken out by Ms. Reichel.

26. SLS is a mortgage servicer subject to the mandatory requirements of 12 U.S.C.A. § 2605 and 12 C.F.R. § 1024.41.

27. SLS has a duty of care under 12 C.F.R. § 1024.41(c) of Regulation X to acknowledge receipt of and evaluate the facially complete loss mitigation applications submitted by the Ms. Reichel for all available options and provide her with written notice stating the determination of which loss mitigation options, if any, were available and, if no options were available, with information about the Ms. Reichel' right to appeal the denial of loss mitigation under 12 C.F.R. § 1024.41(g)(h) before causing the first notice referral of a borrower to foreclosure. Rather than complying with these duties, SLS has (i) failed to timely acknowledge or respond to Ms. Reichel' loss mitigation applications, (ii) failed to notify Ms.

Reichel in writing of her rights to appeal the denial of her loss mitigation

applications (if actually denied), and (iii) instead proceeded to cause the first

notice of the foreclosure process against Ms. Reichel pursuant to applicable law

for the California judicial foreclosure process and simply disregarded Ms. Reichel'

pending applications for loss mitigation.

28. Among other practices, RESPA and its implementing regulations prohibit a

mortgage servicer, such as SLS, from simultaneously moving toward foreclosure

sale of a homeowner's property and reviewing a homeowner's application for loss

mitigation and/or loss mitigation appeal, a process known as "dual-tracking."

29. Specifically, If a servicer receives a loss mitigation application 45 days or

more before a foreclosure sale, a servicer shall:

 (A) Promptly upon receipt of a loss mitigation application, review the loss

mitigation application to determine if the loss mitigation application is complete;

and

(B) Notify the borrower in writing within 5 days (excluding legal public holidays,

Saturdays, and Sundays) after receiving the loss mitigation application that the

servicer acknowledges receipt of the loss mitigation application and that the

servicer has determined that the loss mitigation application is either complete or

incomplete. If a loss mitigation application is incomplete, the notice shall state the

additional documents and information the borrower must submit to make the loss

mitigation application complete and the applicable date pursuant to paragraph

(b)(2)(ii) of ttheir section. The notice to the borrower shall include a statement

that the borrower should consider contacting servicers of any other mortgage

loans secured by the same property to discuss available loss mitigation options.

12 C.F.R. §1024.41(b)(2)(i).

30. Once a borrower submits a complete application, within 30 days of receiving a

borrower's complete loss mitigation application, a servicer shall:

(i) Evaluate the borrower for all loss mitigation options available to the borrower;

And (ii) Provide the borrower with a notice in writing stating the servicer's

determination of which loss mitigation options, if any, it will offer to the borrower

on behalf of the owner or assignee of the mortgage. The servicer shall include in

this notice the amount of time the borrower has to accept or reject an offer of a

loss mitigation program as provided for in paragraph (e) of this section, if

applicable, and a notification, if applicable, that the borrower has the right to

appeal the denial of any loan modification option as well as the amount of time

the borrower has to file such an appeal and any requirements for making an

appeal, as provided for in paragraph (h) of this section.12 C.F.R. §1024.41(c).

31. SLS has not provided the Ms. Reichel with any of the required notices

pursuant to 12 C.F.R. §1024.41(c) following Ms. Reichel' completion of her loss

mitigation applications.

J:\Dropbox\Alkire-Nancy Reichel\2017 case versus sls\FIRST AMENDED Complaint FINAL .docx

32. In addition, once Ms. Reichel submitted her intent to pursue loss mitigation

alternatives, SLS was prohibited from pursuing foreclosure whatsoever until SLS

had completed its review of the applications and if those applications were denied,

until Ms. Reichel had exhausted her loss mitigation appeal rights:

If a borrower submits a complete loss mitigation application after a servicer has

made the first notice or filing required by applicable law for any judicial or

nonjudicial foreclosure process but more than 37 days before a foreclosure sale, a

servicer shall not move for foreclosure judgment or order of sale, or conduct a

foreclosure sale, unless:(1) The servicer has sent the borrower a notice pursuant to

paragraph (c)(1)(ii) of their section that the borrower is not eligible for any loss

mitigation option and the appeal process in paragraph (h) of their section

is not applicable, the borrower has not requested an appeal within the

applicable time period for requesting an appeal, or the borrower's appeal

has been denied;

(2) The borrower rejects all loss mitigation options offered by the servicer;

or

(3) The borrower fails to perform under an agreement on a loss mitigation

option.  12 C.F.R. §1024.41(g).

33. If a servicer fails to comply with 12 C.F.R. §1024.41(b)(2)(i), "a borrower may

enforce the provisions of this section pursuant to section 6(f) of RESPA." 12 C.F.R. §1024.41(a). Section 6(f) of RESPA is codified at 12 U.S.C. 2605(f).

34. SLS, directly and indirectly through its agents including SLS, has caused the first notice against Ms. Reichel at a time not permitted by 12 C.F.R. § 1024.41 since Ms. Reichel had submitted loss mitigation applications according to the time set out in the relevant regulations and laws and her right to appeal any denial of loss mitigation had not expired, or even commenced.

35. By initiating the foreclosure process and making the first notice of foreclosure at a time when it was not legally permitted to do so against Ms. Reichel, before ever notifying her in writing of her right to appeal the purported denial of her loss mitigation application, SLS violated 12 C.F.R. 1024.41 and the prohibition on dual-tracking.

36. Upon information and belief, based upon the experiences of Ms. Reichel, described *supra*, and the following public facts and allegations, SLS has a pattern and practice of noncompliance with the requirements of 12 U.S.C.A. § 2605 for borrowers like Ms. Reichel:

a. The well pled allegations of a Complaint filed in the matter of Ingram v. SLS Mortgage Corporation, Case No. 7:16-cv-01480 (U.S.D.C. Alabama, WD, September 8, 2016) which concerns and addressed violations of 12 U.S.C. § 2605 by SLS).

b. The well pled allegations of a verified Complaint filed in the matter of *Silva v. SLS Mortgage Corporation, Case No. 3:16-cv-02636* (U.S.D.C. Texas, ND., September 14, 2016), which involves SLS dual tracking loss mitigation applicants with threat of foreclosure when it had no right to do so.

c. The well pled allegations of a Complaint now pending in matter of *Parker v. SLS Mortgage Corporation*, Case No. 4:16-cv-00156 (U.S.D.C. Virginia, ED, October 13, 2016) which concerns and addressed violations of 12 U.S.C. § 2605 by SLS.

d. Over 900 consumer complaints against SLS concerning its mortgage servicing practices subject to 12 U.S.C.A. §2605, including hundreds subject to and related to this claim and/or 12 U.S.C.A. §2605 are publically available as of this filing in the database of the Consumer Financial Protection Bureau at http://www.consumerfinance.gov/data-research/consumer-complaints/.

37 . Ms. Reichel is entitled to statutory damages for SLS's violations of 12 C.F.R. § 1024.41 by proceeding toward foreclosure before (i) properly informing Ms. Reichel of her loss mitigation appeal rights and/or (ii) allowing those loss mitigation appeal rights to expire. In addition, the Ms. Reichel is entitled to her actual damages described herein related to the illegal dual-tracking of her loss mitigation application with the commencement of foreclosure activity.

J:\Dropbox\Alkire-Nancy Reichel\2017 case versus sls\FIRST AMENDED Complaint FINAL .docx

WHEREFORE, pursuant to 12 U.S.C. 2605 Ms. Reichel respectfully requests that the Court (i) enter judgment in favor of Ms. Reichel against SLS for its violations of 12 U.S.C.A. § 2605 and 12 C.F.R. § 1024.41 by proceeding or attempting to proceed with foreclosure while the loss mitigation applications of the Ms. Reichel was pending and SLS had not waited for the Ms. Reichel' loss mitigation appeal rights to terminate, (ii) award statutory damages in the sum of $2,000 to Ms. Reichel pursuant to 12 U.S.C.A. § 2605(f), (iii) award actual damages and losses sustained by Ms. Reichel in a total sum exceeding $75,000 and equal to the sum of all foreclosure costs prematurely added to Ms. Reichel' mortgage account before SLS had the right incur such costs, (iv) award Ms. Reichel' costs, (v) award attorney's fees incurred by Ms. Reichel; and (vi) grant Ms. Reichel such other and further relief as the Court finds necessary and proper.

## COUNT THREE

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, *et seq.*

### (On behalf of the Ms. Reichel against SLS and the Co-Defendants)

38. Ms. Reichel incorporates all preceding paragraphs as if set forth fully herein and also incorporates Paragraphs *infra*.

39. SLS and the Co-Defendants regularly collect or attempt to collect

consumer debts due or asserted to be due to another or when the collection rights were acquired by them after default. Specifically, SLS and the Co-Defendants are regularly assigned the collection rights of consumer debts, including the consumer debt of Ms. Reichel subject to this action assigned to it by another, to when they believed the debt is in default, and therefore they are Debt Collectors within the meaning of 15 U.S.C. § 1692a(6). SLS and the Co-Defendants believed that Ms. Reichel' was in default when the loan was assigned to them for collection by the authorized servicer, SLS.

40. By asserting a right to collect from the Ms. Reichel, as well as her home and property, for the purposes of initiating the California foreclosure process against Ms. Reichel before she had completed her opportunity for loss mitigation pursuant to and in reliance to her RESPA and Regulation X rights (and any appeals available thereto), SLS and the Co-Defendants have materially violated 15 U.S.C. § 1692e.

41. The Co-Defendants' and SLS's actions described herein also constitute materially unfair or deceptive practices in violation of 15 U.S.C. § 1692f. This conclusion is based upon the fact that no reasonable person would believe it would be fair for SLS or the Co-Defendants to threaten foreclosure before they were legally permitted to do so pursuant to Federal law or to claim a right to foreclose based on fees and charges not legally enforceable under California law.

J:\Dropbox\Alkire-Nancy Reichel\2017 case versus sls\FIRST AMENDED Complaint FINAL .docx

42. As a result of SLS's and the Co-Defendants' materially improper debt collection practices, which directly and indirectly violate Ms. Reichel' rights under 12 U.S.C.A. § 2605 and 12 C.F.R. § 1024.41 which she relied upon, Ms. Reichel has suffered actual economic and non-economic damages, as more fully described *supra* and has incurred attorney's fees and court costs.

43. The FDCPA provides for statutory damages in addition to actual damages. Ms. Reichel is entitled to statutory damages as well.

WHEREFORE, pursuant to 15 U.S.C.A. § 1692k Ms. Reichel respectfully requests that  the Court (i) enter judgment in favor of Ms. Reichel and jointly against SLS and each Co-Defendant for their violations of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f by proceeding or     attempting to proceed with foreclosure while (a) the loss mitigation applications of Ms. Reichel were pending and neither SLS nor the Co-Defendants waited for Ms. Reichel' loss mitigation appeal rights to have terminated pursuant to RESPA and Regulation X and (b) claiming sums not lawfully due under California law, (ii) award statutory damages in the sum of $1,000 to the Ms. Reichel, or other sum permitted, pursuant to 15 U.S.C. § 1692f, (iii) award actual damages and losses in a sum exceeding $75,000 and including amounts sustained by the Ms. Reichel equal to the sum of all foreclosure costs prematurely added to the Ms. Reichel' mortgage accounts before SLS or the Co-Defendants had the right incur such costs, (iv) award Ms. Reichel' costs, (v) award

J:\Dropbox\Alkire-Nancy Reichel\2017 case versus sls\FIRST AMENDED Complaint FINAL .docx

attorney's fees incurred by Ms. Reichel; and (vi) grant Ms. Reichel such other and further relief as the Court finds necessary and proper.

**COUNT FOUR**

**VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT ("RESPA"), 12 U.S.C.A. § 2605, 12 C.F.R. § 1024.36, and 12 C.F.R. § 1024.35**

**(On behalf of Ms. Reichel against SLS)**

44. Ms. Reichel incorporates all preceding paragraphs as if set forth fully herein.

45. SLS also had duty of care under 12 U.S.C.A. § 2605, 12 C.F.R. § 1024.36, and 12 C.F.R. § 1024.35 to acknowledge in writing QWRs (including notices of error and requests for information) sent to it by Ms. Reichel within five days and to respond to the QWR in writing within 30 days (unless it seeks an extension of not more than 15 days).

45. Ms. Reichel' QWRs described herein at ¶¶39-41, 44-45, 49-50 were sent to the address published by SLS for such communications and SLS received each.

46. SLS also had duty of care under 12 C.F.R. § 1024.36 and 12 C.F.R. § 1024.35 to conduct a reasonable investigation of Ms. Reichel' QWRs and it failed to do any reasonable investigation as demonstrated by (i) its inability to timely respond to the QWRs; (ii) its failure to provide the information sought in the QWRs; (iii) lack of communication with Previous Servicers about the nature of the

J:\Dropbox\Alkire-Nancy Reichel\2017 case versus sls\FIRST AMENDED Complaint FINAL .docx

information it received from Previous Servicers upon the servicing transfer which as demonstrated herein, and (iv) pattern of making claims in writing and on the telephone to Ms. Reichel (which it intended for her to rely upon) by its authorized representatives which it knew were false and misleading.

47. By (i) untimely acknowledging Ms. Reichel' QWRs, (ii) not timely responding to Ms. Reichel' second QWR, (iii) failing to provide the documents/information requested (including electronic copies of the telephonic calls), and (iv) failing to conduct a reasonable investigation into the QWRs, SLS has violated 12 U.S.C.A. § 2605(e), 12 C.F.R. § 1024.36, and 12 C.F.R. § 1024.35.

48. As a direct and proximate result of these violations Ms. Reichel is are entitled to her actual damages pursuant to 12 U.S.C.A. § 2605(f)(2)(A) described *supra*.

WHEREFORE, pursuant to 12 U.S.C.A. § 2605 Ms. Reichel respectfully requests that the Court (i) enter judgment in favor of Ms. Reichel against SLS for its violations of 12 U.S.C.A. § 2605, 12 C.F.R. § 1024.36, and 12 C.F.R. § 1024.35 by failing to properly respond to Ms. Reichel' QWRs, (ii) award actual damages and losses sustained by Ms. Reichel' related to SLS's failure to properly respond to and conduct a reasonable investigation into Ms. Reichel' QWRs in the amount of $5,000, (iv) award Ms. Reichel' costs, (v) award attorney's fees incurred by Ms. Reichel; and (vi) grant Ms. Reichel such other and further relief as the Court finds necessary and proper.

J:\Dropbox\Alkire-Nancy Reichel\2017 case versus sls\FIRST AMENDED Complaint FINAL .docx

## COUNT FIVE

## VIOLATION OF THE FAIR CREDIT REPORTING ACT ("FCRA"),

## 15 U.S.C. § 1681, *et seq.*(On behalf Ms. Reichel against SLS)

49. Ms. Reichel incorporates all preceding paragraphs as if set forth fully herein.

50. Ms. Reichel became aware that SLS was misreporting her mortgage debt as in foreclosure to one or more of the credit bureaus (when it could not have been referred to foreclosure before her RESPA and Regulation X rights had exhausted) when she needed to acquire a new car in September 2016 for the purpose of sustaining her work schedule.

51. Specifically, on or about September 15, 2016, Ms. Reichel applied for various Loans with and without her Husband, Her credit application was denied due to SLS's misreporting Ms. Reichel' Loan as in foreclosure and also the inflated sums claimed due and owing.

52. Ms. Reichel wrote dispute letters to each of the three credit bureaus disputing the knowingly negative, and false reporting concerning the status of Ms. Reichel' Loan with SLS. Thereafter, pursuant to their duty under the FCRA, each of the credit bureaus sent a copy of Ms. Reichel' credit dispute to SLS and SLS received those each of those communications.

53. While SLS acknowledged to the credit bureaus receipt of the FCRA dispute

J:\Dropbox\Alkire-Nancy Reichel\2017 case versus sls\FIRST AMENDED Complaint FINAL .docx

letters and notices Ms. Reichel sent to the each bureau, SLS failed to then perform any reasonable investigation as required under the FCRA because it continued the knowingly false reporting it had already made and did not otherwise take any actions to change the knowingly false reporting in response to its receipt of Ms. Reichel' dispute letters. This conclusion is based on the facts and law discussed *supra* that SLS had no right to pursue foreclosure against Ms. Reichel or her property until (i) her pending loss mitigation application had been acted upon by SLS pursuant to RESPA and Regulation X and (ii) if that application was denied she had exhausted her loss mitigation appeal rights.

54. It was materially misleading for a furnisher of credit information like SLS, in this instance related to Ms. Reichel, to continue to knowingly and willfully report to any credit reporting agency inaccurate information about Ms. Reichel and fail to even timely admit the error when Ms. Reichel provided it proof and evidence that the information it was reporting was not correct – which it was aware of through Ms. Reichel' communications and pending loss mitigation application. Further, under RESPA, i.e. 12 U.S.C.A. § 2605(e)(3), SLS had a duty to stop the disputed reporting for a period of 60 days upon receipt of Ms. Reichel' QWRs but it knowingly and willfully failed to do so and upon information and belief it does not have a procedure or practice to delete reporting for disputes such as Ms. Reichel' dispute described herein.

J:\Dropbox\Alkire-Nancy Reichel\2017 case versus sls\FIRST AMENDED Complaint FINAL .docx

55. SLS conducted an unreasonable investigation to Ms. Reichel' FCRA dispute letters to each reporting agency in violation of the FCRA. It had in its records and accounts documentation concerning the true status of Ms. Reichel' loan but failed to apparently even look at its own records or even communicate with its predecessors about the inconsistencies as part of any investigation which makes the purported investigation unreasonable. No reasonable person would believe that a furnisher of credit information like SLS would disregard its duty to communicate with its predecessors or even fail to credit a borrower's payments to it on their mortgage loan.

56. Upon information and belief SLS never reported the results of any bona-fide investigation it took as required by 15 U.S.C. § 1681s-2(b)(1)(C) to the CRAs since it never reported to Ms. Reichel herself the result of any investigation.

WHEREFORE, as a direct and proximate result of SLS's violations of duties under the FCRA, Ms. Reichel respectfully requests the Court enter judgment in her favor against SLS (i) pursuant to 15 U.S.C. § 1681n for actual damages, including damage to credit, of $20,000, punitive damages in a sum of $10,000, costs and attorney's fees incurred by Ms. Reichel; or alternatively (ii) pursuant to 15 U.S.C. § 1681o for actual damages of not less than $20,000, costs, and attorney fees.

J:\Dropbox\Alkire-Nancy Reichel\2017 case versus sls\FIRST AMENDED Complaint FINAL .docx

## COUNT SIX

## DECLARATORY JUDGMENT REGARDING

## VIOLATION OF UNITED STATES CONSTITUTION, ART. VI, cl. 2.

### (On behalf Ms. Reichel against the Co-Defendants, SLS and SLS)

57. Ms. Reichel incorporates all preceding paragraphs as if set forth fully herein.

58. U.S. Const. art. VI, cl. 2 provides: This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

59. By initiating foreclosure and referring Ms. Reichel and her Loan to SLS and the Co-Defendants to commence foreclosure activity on its behalf based solely upon California law and rules of procedure, SLS has acted without regard to Ms. Reichel' rights and protections pursuant to 12 U.S.C.A. § 2605 and 12 C.F.R. § 1024.41 which govern, since January 10, 2014, when a mortgage servicer may initiate a foreclosure action when a borrower is under consideration for loss mitigation options. Subsequent to the commencement of the federal action, SLS and the Co-Defendants reaffirmed in correspondence to Ms. Reichel

that they intended to pursue with its foreclosure collection activity. Neither SLS

nor the Co-Defendants have amended, rescinded, modified, or withdrawn its stated

intent to "collect" upon Ms. Reichel' Loan subject to these proceedings.

60. Ms. Reichel seeks a declaration from this Court that the Real Estate Settlement

Procedures Act, 12 U.S.C.A. § 2605 and its implementing regulations at 12 C.F.R.

§ 1024.41 preempt any right(s) under California law or procedure for SLS, directly

or indirectly through the Co-Defendants or SLS to initiate foreclosure activities

related to Ms. Reichel' home and Property since to do so pursuant to state law

would be inconsistent to loss mitigation protections established by the Consumer

Financial Protection Bureau in 12 C.F.R. § 1024.41 as authorized by 12 U.S.C.A.

§ 2605(k)(1)(E).

61. Additionally, Ms. Reichel seeks a declaration from this Court that the Real

Estate Settlement Procedures Act, 12 U.S.C.A. § 2605 and it's implementing

regulations at 12 C.F.R. § 1024.41 preempt California Rules of Foreclosure

to the extent that these state rules and statutes are inconsistent with the protections

and rights established in 12 C.F.R. § 1024.41 for when a foreclosure activity may

be initiated.

62. California law and procedure does not recognize that a foreclosure sale may

not  proceed until Ms. Reichel' loss mitigation rights pursuant to 12 C.F.R. §

1024.41 have been exhausted. The Co-Defendants, SLS, and SLS believe they

may simply commence the California foreclosure process even though 12 C.F.R. § 1024.41 prohibits SLS from doing so, directly or indirectly through SLS and the Co-Defendants. To suggest otherwise would render 12 C.F.R. § 1024.41 meaningless.

63. For these reasons, Ms. Reichel has no adequate remedy at law and is entitled to the declarations sought herein.

WHEREFORE, Ms. Reichel respectfully requests that the Court:

A. Enter a judgment pursuant declaring that the SLS's actions, directly and indirectly through its appointed agents at SLS, including the Co-Defendants, to proceed to foreclosure against Ms. Reichel and the Property are preempted by federal law and thus are null and void to the extent such acts and are inconsistent with 12 U.S.C.A. § 2605 and its implementing regulations at 12 C.F.R. § 1024.41;

B. Enter a judgment pursuant to MD. CODE ANN., CTS. & JUD PROC. § 3-409 declaring that the Real Estate Settlement Procedures Act, 12 U.S.C.A. § 2605 and its implementing regulations at 12 C.F.R. § 1024.41 preempt California Law pursuant to the Supremacy Clause of the United States Constitution, art. VI, cl. 2 to the extent that these state rules and statutes are inconsistent with the protections and rights established in 12 C.F.R. § 1024.41 for when foreclosure activity may proceed for borrowers like Ms. Reichel;

J:\Dropbox\Alkire-Nancy Reichel\2017 case versus sls\FIRST AMENDED Complaint FINAL .docx

C. Maintain jurisdiction over this matter should Ms. Reichel be required to address any future actions of the Defendant that contravene this Court's orders and 12 U.S.C.A. § 2605 and its implementing regulations at 12 C.F.R. § 1024.41;

## **INJUNCTIVE RELIEF**

63.   Plaintiff restates and incorporates herein all of her statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten herein.

64.   Plaintiff owns and resides at the subject premises.

65.   Plaintiff enjoys significant equity in the property.

66.   Plaintiff accepted a modification offer and has performed as required.

67.   Defendant has acted in bad faith, and has scheduled the imminent sale of Plaintiff's family home.

68.   If the sale goes forward, Plaintiff will lose ownership and possession of her family home and the equity she enjoys in her property.

69.   The loss of her home and equity would irreparably damage and hard the Plaintiff.

## **TENDER**

Plaintiff has the funds available to immediately tender the amounts due under the modified contract as offered and accepted on May 26, 2017.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Court enter its order granting judgment for the following:

A.     To enter a temporary restraining order preventing the October 13, 2017 sale from going forward.

B.     To enter a Permanent Injunction restraining Defendant from selling the property.

C.     To order Defendant to accept the second payment tendered by Plaintiff in the amount of $6,900.00

D.     To order Defendant to accept the Third payment required under the modification.

E.     To order Defendant to provide Plaintiff with a permanent modification as set forth in the offer of May 26, 2017.

F.     For actual damages, costs, and reasonable attorney fees;

G.     Such other relief to which this Court may deem appropriate.

Respectfully submitted,


_____

Joseph La Costa, Attorney for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VERIFICATION

I, Nancy Reichel, am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my knowledge, except as to this matters which are stated on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed at San Diego, California.

Dated this:     July 24 2018

_Nancy Reichel_

Nancy Reichel, Plaintiff

File by FAX

C:\Users\bill\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\913SQQ15\FIRST AMENDED Complaint FINAL_.docx

27

**PROOF OF SERVICE**

FILED
CIVIL BUSINESS OFFICE 10
CENTRAL DIVISION

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

2018 JUL 26  A 8: 52

     I am employed in the County of San Diego, State of California, I am over the age
CLERK SUPERIOR COURT
SAN DIEGO COUNTY, CA
of 18 and not a party to the within action. My business address is: 7860 Mission Center

Court, Suite 103, San Diego, CA 92108.

     On July 24, 2018 I served the following document(s) described as:

FIRST AMENDED COMPLAINT

On all interested parties in this action by placing [X] a true copy [ ] the original thereof

enclosed in sealed envelopes addressed as follows:


Barrett, Daffin Frappier Treder & Weiss
20955 Pathfinder Road, Ste 300
Diamond Bar, Ca 91765


[X] BY MAIL- I deposited such envelope in the mail at San Diego, California with
postage thereon fully prepaid. I am aware that on motion of the party served, service is
presumed in valid in postal cancellation date or postage meter date is more than one
day after date of deposit for mailing in affidavit.

[ ] (By Facsimile) I served a true and correct copy by facsimile during regular business
hours to the number(s) listed above. Said transmission was reported complete and
without error.

     I declare under penalty of perjury under the laws of the State of California that
the foregoing is true and correct.

Executed on July 24, 2018 at San Diego, California.



Joseph La Costa

J:\Dropbox\Alkire-Nancy Reichel\2017 case versus sls\FIRST AMENDED Complaint FINAL .docx